IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHARI WARREN, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY JAY ROBERTS and AMERICAN AIRLINES GROUP, <br><br> Defendants. | Civil Action No. 3:22-cv-00062 |

**EXHIBIT A**

**TO**

**NOTICE OF REMOVAL**

Summons and Complaint

| STATE OF NORTH CAROLINA | File No. 21 CVS 16480 |
|---|---|
| Mecklenburg County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Chari Warren | |
| Address | **CIVIL SUMMONS** |
| 2615 Baystock Rd | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| Charlotte, NC 28208 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) | Date Original Summons Issued |
| Timothy Jay Roberts | |
| American Airlines Group | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Timothy Jay Roberts | American Airlines Group<br>160 Mine Lake Ct Ste<br>Raleigh, NC 27615 |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!

Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 10-14-21 | Time 11:38 ☒ AM ☐ PM |
|---|---|---|
| Amanda Price<br>101 N. Tryon #112<br>Charlotte, NC 28246 | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

FILED

| | |
|---|---|
| STATE OF NORTH CAROLINA<br><br>MECKLENBURG COUNTY<br><br>Chari Warren<br>2615 Baystock Rd<br>Charlotte, NC 28208<br><br>Plaintiff,<br><br>v.<br><br>Timothy Jay Roberts<br>3487 State Rd 1806<br>Newton, NC 28658<br><br>and<br><br>American Airlines Group<br>160 Mine Lake Ct Ste<br>Raleigh, NC 27615<br><br>Defendants. | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>21-CVD-16480<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT** |

Plaintiff, Chari Warren, by and through undersigned counsel, hereby alleges, as and for her Complaint, as follows:

## NATURE OF COMPLAINT

This is an action to recover for intentional and negligent misconduct by Defendants Timothy Jay Roberts and American Airlines Group against Plaintiff Chari Warren for negligence, assault and sexual harassment. The airline company knew about the incident and was reckless/negligent towards this horrific situation. Plaintiffs asserts respondent superior and *res ipsa loquitur* were relevant.

## JURISDICTION

This Court has jurisdiction because all of the transactions and occurrences happened in North Carolina and by virtue of NC Code §§ 1-75.4 and 7A-240. The Court also has jurisdiction because the Defendant is a resident of North Carolina.

## PARTIES

Plaintiff, Chari Warren, is a resident of North Carolina and a citizen of the United States.

Defendant, American Airlines Group is a company incorporated in the United States and doing business in North Carolina.

Defendant, Timothy Jay Roberts is an airplane pilot working for American Airlines Group. Defendant Roberts is a resident of North Carolina and a citizen of the United States.

## STATEMENT OF FACTS

1. Ms. Warren is a female and over 18 years old. Without any lawful justification or excuse Defendant Roberts intentionally violated her by making sexual advances at her while she was working as an airline gate agent.

2. On June 3, 2019, Miss Warren was sexually assaulted by former PSA Captain Timothy Jay Roberts. On the day of the assault, Mr. Roberts came to work smelling like alcohol.

3. As mandated by Ms. Warren's workplace policy and relevant Federal Transportation Administration policy, Miss Warren reported Mr. Roberts to Ernest Taylor. Miss Warren also reported Mr. Roberts' smell of alcohol to her supervisor before she was assault by Mr. Roberts.

4. The pilot gave her an unwanted and unnecessary kiss on her left cheek. She then went back to her supervisor and informed her of the unwanted sexual advance and touching.

-2-

5. Mr. Roberts assaulted Ms. Warren by kissing on her left cheek and making inappropriate sexual comments. This contact was unwanted and unconsented to. As a result of Mr. Roberts behavior, Ms. Warren filed a police report to document the incident.

6. In addition to sexually violating and harassing Ms. Warren, Mr. Roberts added insult to injury by discussing the matter with other employees.

7. Despite Mr. Robert's intoxication and sexual harassment, Miss Warren was forced to continue to work with him the very next day. Mr. Roberts shared the facts of the incident with other employees of the company. This subjected her to a further harassment and an extremely hostile work environment.

8. As an employee of PSA, Ms. Warren has suffered. Ms. Warren sought therapy due to the stress and overall impact of the incident and the environment that she has been forced to work in. Further PSA, tasked with the proper investigation of these very issues, not only turned a blind eye, but actively ignored Ms. Warren.

9. When Ms. Warren specifically inquired with Ernest Taylor about further investigation of her claims, she was informed that incidents of this nature happen often, and Mr. Roberts was not reprimanded nor was there a full investigation or follow through with the proper protocol and procedure. This has led to and continues to cause severe mental anguish, including fright, humiliation, and severe anxiety.

## COUNT I
(Sexual Harassment)

10. Plaintiff repeats and realleges each and every allegation set forth above and below or in any attachment hereto as if fully set forth herein.

11. The Title VII of the Civil Rights Act of 1964, *42 U.S.C.S. § 2000e et seq.*, makes it unlawful "for an employer to discriminate against any individual with respect to her

-3-

Case 3:22-cv-00062-RJC-DSC   Document 1-1   Filed 02/16/22   Page 5 of 16

compensation, terms, conditions, or privileges of employment, because of such individual's sex". *42 U.S.C.S. § 2000e-2(a)(1).*

12.     "Sexual harassment, which includes unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature, is a form of sex discrimination prohibited by Title VII. For analytical purposes, employment discrimination in the form of sexual harassment is often categorized into two varieties: harassment that creates an offensive or hostile work environment, and quid pro quo harassment, where sexual consideration is demanded in exchange for job benefits." *Norman v. N.C. Dep't of Admin.*, 257 N.C. App. 673, 674, 811 S.E.2d 177, 180 (2018)

13.     "To establish a hostile work environment based on **sexual harassment** under Title VII, a plaintiff-employee must prove that (1) **the conduct was unwelcome**; (2) **it was based on the plaintiff's sex**; (3) **it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment**; and (4) **it was imputable on some factual basis to the employer**." *Norman v. N.C. Dep't of Admin.*, 257 N.C. App. 673, 674, 811 S.E.2d 177, 180 (2018)

14.     On June 3, 2019, Miss Warren was sexually assaulted by former PSA Captain Timothy Jay Roberts. The pilot gave her an unwanted and unnecessary kiss on her left cheek as she bent down to give him some papers. She then went back to her supervisor and informed her of the unwanted sexual advance and touching. However, nothing was done to punish the perpetrator of this terrible act.

15.     Ms. Warren is a female and over 18 years old. Without any lawful justification or excuse Defendant Roberts intentionally violated our client by making sexual advances at her while she was working as an airline gate agent.

-4-

16. Despite Mr. Robert's intoxication and sexual harassment, Miss Warren was forced to continue to work with him the very next day. Mr. Roberts shared the facts of the incident with other employees of the company. This subjected her to a further harassment and an extremely hostile work environment.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants Roberts and American Airlines severally for their Sexual Assault, in the full and just amount of $1,000,000 (one million dollars) in compensatory damages and punitive damages plus interest and costs.

## COUNT II
(Assault on Female)

17. Plaintiffs incorporate by reference Paragraph 1 through 16 as if fully sets forth herein.

18. "The legal definition of an assault in the crime of assault on a female is an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm. The element of assault in assault on a female is not legally the same as the overt act in an attempted rape." *State v. Wortham*, 318 N.C. 669, 669, 351 S.E.2d 294, 295 (1987).

19. On June 3, 2019, Miss Warren was sexually assaulted by former PSA Captain Timothy Jay Roberts, while under the influence of alcohol. The pilot gave her an unwanted and unnecessary kiss on her left cheek. She then went back to her supervisor and informed her of the unwanted sexual advance and touching. However, nothing was done to punish the perpetrator of this terrible act.

20. Ms. Warren is a female and over 18 years old. Without any lawful justification or excuse Defendant Roberts intentionally violated our client by making sexual advances at her while she was working as an airline gate agent.

21. Despite Mr. Robert's intoxication and sexual harassment, Miss Warren was forced to continue to work with him the very next day. Mr. Roberts shared the facts of the incident with other employees of the company. This subjected her to a further harassment and an extremely hostile work environment.

22. As a result of the attack Plaintiff suffered and will continue to suffer, psychological harm, mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being sexually attacked.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants Roberts and American Airlines, for Assault on Female, in the full and just amount of $1,000,000 (one million dollars) in compensatory damages and punitive damages plus interest and costs.

### COUNT III
(Intentional Infliction of Emotional Distress)

23. Plaintiff repeats and realleges each and every allegation set forth above and below or in any attachment hereto as if fully set forth herein.

24. "No person should have to be subjected to non-consensual sexual touching, constant suggestive remarks and on-going sexual harassment without being afforded remedial recourse through our legal system. Such conduct, if found by a jury to have actually existed, is beyond the bounds usually tolerated by decent society and would permit a plaintiff to recover on a claim of intentional infliction of emotional distress." *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 486, 340 S.E.2d 116, 119 (1986)

25. On June 3, 2019, Miss Warren was sexually assaulted by former PSA Captain Timothy Jay Roberts, while under the influence of alcohol. The pilot gave her an unwanted and unnecessary kiss on her left cheek as she bent down to give him some papers. She then went back to her supervisor and informed her of the unwanted sexual advance and touching. However, nothing was done to punish the perpetrator of this terrible act.

26. This horrible sequence of physical actions included physical and mental abuse (Threats, Forceful advances and grabbing)

27. Ms. Warren is a female and over 18 years old. Without any lawful justification or excuse Defendant Roberts intentionally violated our client by making sexual advances at her while she was working as an airline gate agent.

28. Despite Mr. Robert's intoxication and sexual harassment, Miss Warren was forced to continue to work with him the very next day. Mr. Roberts shared the facts of the incident with other employees of the company. This subjected her to a further harassment and an extremely hostile work environment.

29. As a cause of Defendant Roberts' outrageous conduct, Ms. Warren was put under an extremely distressful situation. With deliberate indifference and reckless disregard for the dignity of the Plaintiff and with pure malice, Defendant purposely ignored that he was much stronger than the victim.

30. As a result of the attack Plaintiff suffered and will continue to suffer, psychological harm, mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being sexually attacked.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants Roberts and American Airlines, for Intentional Infliction of Emotional Distress, in the full and just amount of

$1,000,000 (one million dollars), in actual, compensatory, and punitive damages against, plus, interest and costs.

## COUNT IV
(Discrimination)

31. Plaintiff repeats and realleges each allegation set forth above and below or in any attachment hereto as if fully set forth herein.

32. The Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e *et seq.*, makes it unlawful "for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex". *42 U.S.C.S. § 2000e-2(a)(1).*

33. On June 3, 2019, Miss Warren was sexually assaulted by former PSA Captain Timothy Jay Roberts. The pilot gave her an unwanted and unnecessary kiss on her left cheek as she bent down to give him some papers. She then went back to her supervisor and informed her of the unwanted sexual advance and touching. However, nothing was done to punish the perpetrator of this terrible act.

34. Ms. Warren was discriminated against as an African American female. Mr. Roberts is a white male. Ms. Warren's reports were blatantly ignored. Her claims not given the rightful time or consideration as mandated by workplace policy and federal law and policy.

35. Mr. Roberts was able to return to work the day after sexually assaulting Ms. Warren. Mr. Roberts was able to return to work the next day after being intoxicated as he was scheduled to fly a plane full of passengers. In contrast to Ms. Warren, was forced to tolerate while he was able to continue with his schedule as usual despite extreme accusations that resulted in harm to Ms. Warren.

WHEREFORE, the Plaintiff demands judgment against the Defendant American Airlines Group severally for Discrimination, in the full and just amount of $1,000,000 (one million dollars) in compensatory damages and punitive damages plus interest and costs.

## COUNT V
(Negligent Infliction of Emotional Distress)

36. Plaintiff repeats and realleges each and every allegation set forth above and below or in any attachment hereto as if fully set forth herein.

37. "The elements of a claim for negligent infliction of emotional distress are: (1) the defendant negligently engaged in conduct; (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as "mental anguish"); and (3) the conduct did in fact cause the plaintiff severe emotional distress.

Severe emotional distress has been defined as any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Wilkerson v. Duke Univ.*, 229 N.C. App. 670, 671, 748 S.E.2d 154, 157 (2013)

38. On June 3, 2019, Miss Warren was sexually assaulted by former PSA Captain Timothy Jay Roberts, while under the influence of alcohol. The pilot gave her an unwanted and unnecessary kiss on her left cheek. She then went back to her supervisor and informed her of the unwanted sexual advance and touching. However, nothing was done to punish the perpetrator of this terrible act.

39. This horrible sequence of physical actions included physical and mental abuse (Threats, Forceful advances and grabbing)

40. Despite Mr. Robert's intoxication and sexual harassment, Miss Warren was forced to continue to work with him the very next day. Mr. Roberts shared the facts of the incident with other employees of the company. This subjected her to a further harassment and an extremely hostile work environment.

41. The airline had a duty to protect Ms. Warren by providing a safe working environment, a duty to properly train and supervise and a duty to terminate and investigate, especially from a known alcoholic and abuser. The airline failed in their duty in that they allowed Mr. Roberts, who has been accused of sexual harassment and intoxication absent a proper investigation or blood alcohol testing, to return to work the next day placing Ms. Warren and airline patrons in further harm.

42. As a result of the airlines negligence Ms. Warren was subject to emotional and physical harm. Mr. Roberts has a history of intoxication and misconduct. Even with knowledge of this history, the airline still allowed him to operate a plane and placed him in a position of power over Ms. Warren, soon after victimizing her.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant American Airlines Group, for Negligent Infliction of Emotional Distress, in the full and just amount of $1,000,000 (one million dollars), in actual, compensatory and punitive damages against, plus, interest and costs.

### COUNT VI
(Gross Negligence)

43. Plaintiff repeats and realleges each and every allegation set forth above and below or in any attachment hereto as if fully set forth herein.

44. "The difference between ordinary negligence and gross negligence is not in degree or magnitude of inadvertence or carelessness, but rather is intentional wrongdoing or

deliberate misconduct affecting the safety of others. An act or conduct rises to the level of gross negligence when the act is done purposely and with knowledge that such act is a breach of duty to others, i.e., a conscious disregard of the safety of others. An act or conduct moves beyond the realm of negligence when the injury or damage itself is intentional." *Yancey v. Lea*, 354 N.C. 48, 49, 550 S.E.2d 155, 155 (2001)

45. On June 3, 2019, Miss Warren was sexually assaulted by former PSA Captain Timothy Jay Roberts, while under the influence of alcohol. The pilot gave her an unwanted and unnecessary kiss on her left cheek as she bent down to give him some papers. She then went back to her supervisor and informed her of the unwanted sexual advance and touching. However, nothing was done to punish the perpetrator of this terrible act.

46. This horrible sequence of physical actions included physical and mental abuse (Threats, Forceful advances and grabbing)

47. The airline had a duty to protect Ms. Warren by providing a safe working environment, a duty to properly train and supervise and a duty to terminate and investigate, especially from a known alcoholic and abuser. The airline failed in their duty in that they allowed Mr. Roberts, who has been accused of sexual harassment and intoxication absent a proper investigation or blood alcohol testing, to return to work the next day placing Ms. Warren and airline patrons in further harm.

48. As a result of the airlines negligence Ms. Warren was subject to emotional and physical harm. Mr. Roberts has a history of intoxication and misconduct. Even with knowledge of this history, the airline still allowed him to operate a plane and placed him in a position of power over Ms. Warren, soon after victimizing her.

-11-

49. The airline also engaged in wanton deliberate conduct that disregarded the safety of others. The airline allowed Mr. Roberts who was intoxicated minutes before boarding a flight whom also sexually harassed Ms. Warren to fly a plane the very next day.

50. The airport was aware of the circumstances, but instead chose to blatantly disregard Federal Aviation Administration policy. They also forced Ms. Warren further psychological trauma by forcing her to work with her abuser the very next day. In addition, the airline also failed to maintain the security cameras at the gate where Ms. Warren was violated.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant American Airlines Group, for Gross Negligence, in the full and just amount of $2,000,000 (one million dollars), in actual, compensatory and punitive damages against, plus, interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request a that a judgment be entered in their favor against Timothy Jay Roberts and American Airlines Group:

1. Awarding Plaintiff, actual and compensatory damages and all other damages in the amount of at minimum $3,000,000;
2. Awarding Plaintiff punitive damages including but not limited to their negligent, disregardful and abusive conduct, and all other damages;
3. Awarding Plaintiff her attorneys' fees and costs;
4. Awarding statutory pre- and post-judgment interest; and
5. Any and other further relief as the Court deems just and proper.

Date: Thursday, October 07, 2021

*Amanda Price*

                                                                                      Amanda Price, Esq.
*Counsel for the Plaintiff*
Maxwell and Price, LLP
NC Bar #57200
101 N. Tryon St
Charlotte, NC 28246

I, Chari Warren, solemnly swear and affirm under criminal penalties for the making of a false statement that I have read the foregoing Complaint and that the factual statements made in it are true to the best of my personal knowledge, information and belief.

_____                10 / 06 / 2021
Chari Warren                                      October 6, 2021

Certificate of Service

I hereby certify that I have served this Complaint on the Defendants by delivering a copy of this complaint to the U.S. Postal Service in an envelope with postage paid, addressed to the Defendants as follows:

Timothy Jay Roberts
3487 State Road #1806
Newton, NC 28658

American Airlines Group
160 Mine Lane
Ste 200
Raleigh, NC 27615

This 14th day of October 2021

Amanda R
Attorney for Plaintiff