IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00062-RJC-DSC

| | |
|---|---|
| CHARI WARREN,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY JAY ROBERTS AND<br>AMERICAN AIRLINES GROUP,<br><br>Defendants. | )<br>)<br>)<br>)<br>) **MEMORANDUM AND**<br>) **RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER** is before the Court on Defendant Timothy Jay Roberts' Motion to Dismiss (Doc. 8), Defendant American Airlines Group Inc.'s Motion to Dismiss (Doc. 10), and the parties' briefs.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends Defendants' Motions be <u>granted</u> as discussed below.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Accepting the facts alleged in the Complaint as true, on June 3, 2019, Defendant Timothy Jay Roberts, a pilot employed by PSA Airlines ("PSA"), kissed Plaintiff Cheri Warren, a PSA gate agent, on the cheek. Roberts also directed a sexual comment at her. Pursuant to workplace and Federal Transit Authority policy, Warren reported this incident to her supervisor and filed a police

report. Neither Warren's supervisor nor any other PSA officer or employee took any action regarding Warren's report, and she was obliged to continue working with Roberts the following day. Roberts also shared details of the incident with other PSA employees. As a result, Warren was subjected to "a further harassment[.]" Doc. 1-1, ¶ 7. Warren ultimately underwent therapy to address the severe stress, anxiety, fright, humiliation, and mental anguish she experienced as a result of these events. The Complaint is nonspecific as to whether Roberts' sharing of the details itself was "further harassment" or whether the sharing led to a subsequent incident of harassment by Roberts or another employee. Elsewhere in the Complaint, Warren alludes to "[t]hreats, [f]orceful advances and grabbing[,]" but provides no further details. Id. at ¶¶ 26, 39.

Warren commenced this action in Mecklenburg County Superior Court on October 14, 2021, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, for sexual harassment (Count I) and discrimination (Count IV), and claims under North Carolina state law for assault on female (Count II), intentional infliction of emotional distress (Count III), negligent infliction of emotional distress (Count V), and gross negligence (Count VI). She seeks judgment against Defendant "American Airlines Group" on all counts and against Defendant Roberts on Counts I, II, and III.

On February 16, 2022, American Airlines Group, Inc. ("AAG") removed the action to this Court under 28 U.S.C. §§ 1441 and 1442, asserting removal was timely because it had not yet been served with process. On March 16, 2022, AAG moved under Rules 12(b)(1) and (6) to dismiss the Complaint with prejudice. On the same day, Roberts separately moved to dismiss the Complaint

for insufficient process and service of process under Rules 12(b)(4)-(5),[1] and alternatively to dismiss Counts I, III, and IV under Rule 12(b)(6).

Warren did not file a responsive brief to either Motion by the deadline of March 30. On April 7, after chambers staff unsuccessfully attempted to contact Warren's counsel, this Court issued an Order to Show Cause. Warren filed a brief responding to Roberts' Motion on April 9, and a brief responding to AAG's Motion on April 19. Both Defendants waived a reply brief.

**STANDARD OF REVIEW**

**I.     Rule 12(b)(1)**

A claim must be dismissed if the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The presence of subject-matter jurisdiction is a threshold issue the court must determine before considering the merits of a case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff has the burden of proving that subject-matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

**II.    Rule 12(b)(5)**

A court may not exercise personal jurisdiction over a defendant where the procedural requirements for service of summons are not satisfied. Omni Cap. Int'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). "When a defendant raises a defense pursuant to Federal Rule of Civil Procedure 12(b)(5), the plaintiff bears the burden of establishing compliance." Lowery v. Forsyth Cnty. Sheriff's Dep't, No. 1:20-cv-888, 2022 WL 939651, at *2 (M.D.N.C. Mar. 29, 2022)

---

[1] To support his Motion under Rule 12(b)(4)-(5), Roberts submitted an "Affidavit of Timothy Jay Roberts" and exhibit containing copies of the documents with which he was served.

(citing Ballard v. PNC Fin. Servs. Grp., Inc., 620 F. Supp. 2d 733, 735 (S.D.W. Va. 2009)). The Rules governing sufficiency of service of process are discussed in greater detail below.

**III.     Rule 12(b)(6)**

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper technical, code pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

## DISCUSSION

### I. Defendant Roberts' Motion to Dismiss under Rule 12(b)(5) should be granted.

State law governs the sufficiency of attempts at service made prior to removal to federal court. Fed. R. Civ. P. 81(c)(1); see also Lee v. City of Fayetteville, No. 5:15-CV-638-FL, 2016 WL 1266597, at *3 (E.D.N.C. Mar. 30, 2016) (citing Wolfe v. Green, 660 F. Supp. 2d 738, 745-46 (S.D.W. Va. 2009). Under North Carolina law, service of the summons and complaint must be made "within 60 days after the date of the issuance of summons." N.C.R. Civ. P. 4(c). Service on an individual may be made "[b]y mailing a copy of the summons and of the complaint, registered

or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C.R. Civ. P. 4(j)(1)(c). If service is not effectuated within that sixty-day window, the plaintiff must: (1) obtain an endorsement upon the original summons for an extension of time; or (2) obtain issuance of an alias and pluries summons within ninety days of when the last endorsement or summons was issued. N.C. R. Civ. P. 4(d). If the plaintiff does neither, "the action is discontinued as to any defendant not theretofore served with summons within the time allowed." N.C. R. Civ. P. 4(e).

The original Summons was issued October 14, 2021.[2] Warren's first attempt at service by certified mail was not delivered to Roberts. Doc. 7, ¶ 4. Her second attempt was sent by **priority mail**, delivered to Roberts' mailbox at an indeterminate date and discovered there by him "[j]ust prior to Christmas of 2021."[3] Although this parcel contained the certified mail envelope in which the failed first attempt at service was made, it was not itself delivered by certified mail and did not request a return signature. Warren's third attempt was made by certified mail and delivered to Roberts' mailbox on or around February 17, 2022. At the latest, delivery was made 126 days after issuance of the Summons. In her brief, Warren does not contend that delivery was made earlier. No return signature was requested. The Summons contained in the parcel was not endorsed by the

---

[2] Exhibit A to Roberts' Affidavit is a scanned copy of the documents he received by certified mail on or about February 17, 2022. Doc. 7-1. The date of issuance on the copy of the Summons contained therein is illegible but appears to be October 14, 2021 (the date the Complaint was filed). In her brief, Warren does not represent that the Summons was issued on a different date.

[3] Roberts does not describe the contents of the priority mail envelope and did not attach a copy of those contents to his Affidavit. The Court assumes the envelope contained a copy of the same Summons and Complaint he received in February 2022.

clerk for an extension of time in which to effectuate service and was not an alias and pluries summons. Therefore, Roberts was never properly served with process in compliance with Rule 4.

In her response, Warren argues that since Roberts admitted to having actual notice of the lawsuit in December 2021, her failure to strictly comply with Rule 4 should be excused.[4] But while actual notice allows for a liberal construction of the Rules, the "plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Rule 4(j)(1) plainly specifies the methods by which an individual may be served. Rule 4(c) specifies the time frame in which service must be made. Rule 4(d) specifies the remedies for inability to effectuate service within that time frame. Even though Roberts had actual notice of the pendency of this action, no construction of these Rules, however liberal, can house Warren's efforts safely within their confines.

For those reasons, the undersigned respectfully recommends that Defendant Roberts' Motion to Dismiss be granted.

## II. Defendant AAG's Motion to Dismiss should be granted.

AAG moves under Rules 12(b)(1) and 12(b)(6) to dismiss the Complaint with prejudice. In her response, Warren states she "accidentally included American Airlines Group Inc. in this case, whereas the real Defendant here should be PSA, Ms. Warren's employer." Doc.15 at 5. She concedes the "employment and negligence claims" should be dismissed but requests this Court do so without prejudice to allow her to bring them against her employer.

For the reasons stated below, the undersigned respectfully recommends Defendant AAG's Motion to Dismiss be granted and the Complaint be dismissed with prejudice.

---

[4] Warren emphasizes the provision of Rule 4(c) that "[f]ailure to make service within the time allowed . . . shall not invalidate the summons." But Warren does not contend that she followed the proper steps under Rule 4(d) to secure an extension of time in which to serve, or that she ever properly served the Summons.

A. <u>Counts I and IV (the Title VII claims) should be dismissed under Rule 12(b)(1) because AAG was not Warren's employer at the time of the alleged violations.</u>

"Title VII [of the Civil Rights Act of 1964] . . . forbids discrimination on the basis of 'race, color, religion, sex, or national origin.'" <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 74 (1984) (quoting 42 U.S.C. § 2000e-2(a)(1)). Those provisions of Title VII are triggered by a "contractual relationship of employment" between claimant and the alleged violator. <u>Id.</u> To be liable under a Title VII claim, the alleged violator must be the claimant's "employer," defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year[.]" 42 U.S.C. § 2000e(b). Where a defendant does not meet the statutory definition of "employer," federal courts lack subject-matter jurisdiction and the case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). <u>See, e.g.</u>, <u>Auld v. L. Offices of Cooper, Beckman & Tuerk</u>, 1992 WL 372949 (4th Cir. Dec. 18, 1992); <u>Rue v. GMAC Fin. Serv's</u>, No. 3:10-cv-62, 2011 WL 812062 (W.D.N.C. Mar. 2, 2011).

Warren alleges she was an employee of "PSA." Doc. 1-1, ¶ 8. She agrees that AAG was not her "employer" as defined by 42. US.C. § 2000e(b). Doc. 15 at 5. She requests this Court dismiss this case without prejudice to allow her the opportunity to refile against PSA, the proper defendant. <u>Id.</u> at 6.

Under Rule 41(b), a dismissal for lack of jurisdiction does not operate as an adjudication on the merits. Accordingly, the undersigned respectfully recommends that Defendant AAG's Motion to Dismiss be <u>granted</u> with respect to Counts I and IV and those counts be dismissed without prejudice.

B. **Warren's common law tort claims (Counts II, III, V, and VI) should be dismissed for failure to state a claim.**

At the outset of her Complaint, Warren asserts "respondent [sic] superior" is "relevant" to establish AAG's liability. Doc. 1-1 at 1. An employer is liable for the tortious conduct of its employee only when: "(1) the employer ratifies the conduct; (2) the employee's act is expressly authorized; or (3) when the conduct occurs within the scope of the employee's employment or under the employer's implied authority." Fairchild v. Fairchild, No. 3:18CV623-GCM, 2020 WL 4819542, at *2 (W.D.N.C. Aug. 19, 2020) (citing Medlin v. Bass, 398 S.E.2d 460, 463 (N.C. 1990)); see also Restatement (Third) of Agency §§ 2.04, 7.03 (Am. L. Inst. 2006).

Warren initially identifies Roberts as an "airplane pilot working for American Airlines Group." Doc. 1-1 at 2. But she refers to him as a "PSA Captain" throughout the rest of her Complaint. Doc. 1-1, ¶¶ 2, 14, 19, 25, 33, 38, 45. She offers no explanation for this inconsistency and no additional facts to show an employment relationship between Roberts and AAG.[5] Even assuming an employment relationship, the Complaint contains no facts suggesting Roberts' conduct was carried out within the scope of his employment or under AAG's implied authority. Moreover, Warren does not allege that AAG was even aware of Roberts' conduct at any time, much less that it authorized or ratified the conduct. Finally, as noted above, she concedes the proper defendant in the "employment and negligence claims" is PSA, not AAG.[6] Doc. 15 at 5-6. In sum, any tortious conduct by Roberts cannot be imputed to AAG through *respondeat superior*.

---

[5] Warren also begins her briefs by describing Roberts as "a pilot working for Defendant American Airlines Group." Doc. 13 at 2; Doc. 15 at 2. The briefs similarly lack an explanation of this inconsistency.

[6] By "employment and negligence claims[,]" Warren appears to refer to all of her claims. She specifies these claims should be dismissed "for lack of subject matter jurisdiction[,]" which are the grounds upon which AAG seeks dismissal of Counts I and IV (the Title VII claims). But Warren does not otherwise argue that any of the remaining counts based upon negligent or intentional conduct should survive AAG's motion.

9

To the extent Warren attempts to impute any negligent or intentionally tortious behavior of her employer PSA to AAG, she cannot do so because "[a] corporate parent cannot be held liable for acts of its subsidiary unless the corporate structure is a sham and the subsidiary is nothing more than a 'mere instrumentality' of the parent." Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 349 (4th Cir. 1998). Warren acknowledges AAG and PSA are separate entities and that AAG exerts only the typical control by a parent corporation over its subsidiary PSA. Doc. 15 at 6.

Therefore to establish AAG's liability, Warren must allege AAG's own actions or omissions amounted to tortious behavior. For the reasons stated below, Warren fails to do so and the remaining Counts should be dismissed.

> i. *Count II (assault on female) should be dismissed for failure to state a claim.*

N.C. Gen. Stat. § 14-33(c)(2) provides that "any male person at least 18 years of age" who "[a]ssaults a female" in the commission of any "assault, assault and battery, or affray" is guilty of a Class A1 misdemeanor. This criminal statute does not authorize a private cause of action. See id. Warren cannot sustain a civil claim for assault on a female.[7]

For this reason, the undersigned respectfully recommends that Defendant AAG's Motion to Dismiss be granted with respect to Count II and the claim be dismissed with prejudice.

> ii. *Count III (IIED) should be dismissed for failure to state a claim.*

---

[7] Even if a civil claim for assault on a female could be sustained, Count II should still be dismissed because any liability on the part of Roberts cannot be imputed to AAG.

To state a claim for IIED, a plaintiff must allege (1) extreme and outrageous conduct by the defendant (2) which is intended to and does in fact cause (3) severe emotional distress. Bratcher v. Pharm Prod. Dev., Inc., 545 F. Supp. 2d 533 (E.D.N.C. 2008).

Warren's allegations in Count III center on Roberts' conduct. But in Paragraph 28, Warren alleges she was "forced to continue to work with [Roberts] the very next day[,]" conduct which could only be ascribed to her employer PSA. She alleges no other conduct that could conceivably be attributed to AAG. To the extent an exceedingly liberal construction of the Complaint incorporates AAG's supposed failure to investigate her report of this conduct, she still fails to state a claim. She alleges no facts to show AAG was even aware of her report, much less that it consciously disregarded it so as to cause her severe emotional distress.

For those reasons, the undersigned respectfully recommends that Defendant AAG's Motion to Dismiss be granted with respect to Count III and the claim be dismissed with prejudice.

### iii. Count V (negligent infliction of emotional distress) should be dismissed for failure to state a claim.

"To state a claim for NIED in North Carolina, a plaintiff must allege: (1) the defendant negligently engaged in conduct; (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress; and (3) the conduct did in fact cause the plaintiff severe emotional distress." Cash v. Lees-McRae College, Inc., No. 1:18CV52, 2018 WL 7297876, at *15 (W.D.N.C. Aug. 13, 2018) (citing Johnson v. Ruark Obstetrics, 395 S.E.2d 85, 97 (N.C. 1990)). NIED requires proof of a negligent act or omission, which itself requires among other things, that the alleged tortfeasor owed a duty of care to the plaintiff. Id. at 25 (citing Fox-Kirk v. Hannon, 542 S.E.2d 346, 352 (2001)).

In Count V, Warren alleges "the airline" failed to train and supervise its employees, failed to investigate her report to her supervisor regarding Roberts' conduct, and generally failed to

maintain a safe working environment. Doc. 1-1 at 10. To the extent "the airline" and "the airport" refer to AAG (rather than PSA), these Counts cannot be sustained because she alleges no facts upon which the Court could find a duty of care owed by AAG to her. In her response brief, Warren does not argue that her NIED claim against AAG should survive and does not contend AAG owed her any legal duty.

For these reasons, the undersigned respectfully recommends that Defendant AAG's Motion to Dismiss be <u>granted</u> with respect to Count V and the claim be dismissed with prejudice.

        *iv.*      *Count VI (gross negligence) should be dismissed for failure to state a claim)*

To state a claim for gross negligence, a plaintiff must allege: "(1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the breach proximately caused the plaintiff's injury; (4) the plaintiff was injured as a result thereof; and (5) the defendant's conduct was willful, wanton, or done with reckless indifference." <u>Simpson v. Amylin Pharms., Inc.</u>, No. 1:11-cv-301, 2012 WL 3240142, at *3 (W.D.N.C. Aug. 7, 2012) (citing <u>Sawyer v. Food Lion, Inc.</u>, 549 S.E.2d 867 (2001)).

In Count VI, Warren alleges the same failures of "the airline" and further alleges "the airport" knowingly disregarded her report and required her to return to work with Roberts the following day. Doc. 1-1 at 11-12. She further alleges only that she notified her supervisor at PSA of the incident. The Complaint contains no facts that show AAG had knowledge of the report or owed a duty of care to Warren who was not its employee. In her brief, Warren makes no argument that this Count should survive AAG's Motion.

For these reasons, the undersigned respectfully recommends that Defendant AAG's Motion to Dismiss be <u>granted</u> with respect to Count VI and the claim be dismissed with prejudice.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Timothy Jay Roberts' Motion to Dismiss (Doc. 8) and Defendant American Airlines Group Inc.'s Motion to Dismiss (Doc. 10) be <u>granted</u>.

### NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel <u>and to the Honorable Robert J. Conrad, Jr.</u>

### SO ORDERED AND RECOMMENDED.

Signed: June 13, 2022

_____
David S. Cayer
United States Magistrate Judge