UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00062-RJC-DSC

| CHARI WARREN, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) **Order** |
| AMERICAN AIRLINES GROUP and TIMOTHY JAY ROBERTS, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendant Timothy Jay Roberts' Motion to Dismiss (Doc. No. 8), Defendant American Airlines Group, Inc.'s Motion to Dismiss (Doc. No. 10), the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 17), and Plaintiff's "Response to Memorandum and Reccomendation [sic]" (Doc. No. 18).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

In addition to the background in the M&R, the Court provides the following summation of relevant events. On October 14, 2021, Plaintiff filed this action in the Mecklenburg County Superior Court asserting various employment discrimination and state law claims. (Doc. No. 1-1). Thereafter, the action was removed to this Court. (Doc. No. 1). After removal, both Defendants filed motions to dismiss. (Doc. Nos. 8, 10). Plaintiff did not timely respond to either motion to dismiss. When Plaintiff failed to respond to the motions to dismiss, the Magistrate Judge entered a show cause order, directing Plaintiff to file a response to the pending motions to dismiss

and show cause why the Complaint should not be dismissed for failure to prosecute this action. (Doc. No. 12). Plaintiff then filed a response to both motions to dismiss. (Doc. Nos. 13, 15).

Thereafter, the Magistrate Judge entered the M&R in which he recommended granting both motions to dismiss. (Doc. No. 17). Plaintiff did not object. Instead, Plaintiff, again untimely, filed a "Response to Memorandum and Reccomendation [sic]." (Doc. No. 18). In Plaintiff's response to the M&R, she made a request to amend the complaint "to insert the proper defendant as it concerns American Airlines Group and to allow for proper service concerning Timothy Jay Roberts." (*Id.*). The Magistrate Judge denied Plaintiff's "Motion to Amend as contained in" her response to the M&R. (Doc. No. 21). The Magistrate Judge reasoned that "[p]ursuant to the Local Rules, '[m]otions shall not be included in responsive briefs.' LCvR 7.1(c)(2). Rather 'each motion must be set forth as a separately filed pleading." (*Id.*). Thus, he denied Plaintiff's request to amend her Complaint "as part of a response brief" to the M&R. (*Id.*). Importantly, the Magistrate Judge stated that the denial was "without prejudice to Plaintiff filing a separate motion [to amend the Complaint]" consistent with the Local Rules. (*Id.*).

Remarkably, more than two months have passed since the Magistrate Judge's order denying Plaintiff's request without prejudice to file a separate motion to amend the Complaint. Plaintiff has not filed a separate motion to amend the Complaint or otherwise objected to the M&R or Magistrate Judge's order.

II. **STANDARD OF REVIEW**

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

2

to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III.    DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). Here, Plaintiff only filed an untimely "response" to the M&R which in effect agreed with the M&R's conclusions and requested, in her response rather than a separate motion, leave to amend the Complaint. The Magistrate Judge denied Plaintiff's request, but specifically without prejudice to file a separate motion to amend the Complaint consistent with Local Rules. More than two months passed. Plaintiff had ample opportunity to object to the M&R, object to the Magistrate Judge's order, and/or file a separate motion to amend the Complaint. Plaintiff did not. Accordingly, no objection to the M&R having been filed, and the time for doing so having passed, the parties waived their right to de novo review of any issue covered in the M&R. This Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that

the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court adopts the recommendation of the Magistrate Judge.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Court **ADOPTS** the Magistrate Judge's Memorandum and Recommendation (Doc. No. 17);

2. Defendant Timothy Jay Roberts' Motion to Dismiss (Doc. No. 8) is **GRANTED**; and

3. Defendant American Airlines Group, Inc.'s Motion to Dismiss (Doc. No. 10) is **GRANTED**.

Signed: October 19, 2022

Robert J. Conrad, Jr.
United States District Judge