UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00062-RJC-DSC

| | |
|---|---|
| CHARI WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TIMOTHY JAY ROBERTS and AMERICAN ) | |
| AIRLINES GROUP, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Chari Warren's Motion to Set Aside Judgment of Dismissal, (Doc. No. 24), Defendant Roberts' Response, (Doc. No. 25), and Defendant American Airlines Group, Inc.'s Response. (Doc. No. 26). For the reasons below, Warren's Motion to Set Aside Judgment of Dismissal, (Doc. No. 24), is **DENIED**.

## I. BACKGROUND

Plaintiff Chari Warren, an airline gate agent, brought this action against American Airlines Group ("AAG") and a pilot, Timothy Jay Roberts, based on alleged sexual harassment by Roberts. At the time of the alleged harassment, both Warren and Roberts were employed by PSA Airlines ("PSA"), which is not a party to this lawsuit. Warren filed her action in Mecklenburg County Superior Court, alleging sexual harassment, assault on a female, intentional infliction of emotional distress, discrimination, negligent infliction of emotional distress, and gross negligence, and AAG removed the action to this Court in February 2022. Soon thereafter, AAG and Roberts filed Motions to Dismiss, (Doc. Nos. 8, 10), but Warren failed to respond. Accordingly, the Magistrate Judge entered an order to show cause directing Warren to file a response to the pending Motions to

1

Dismiss and to explain why her complaint should not be dismissed for failure to prosecute. (Doc. No. 12). Warren then filed her responses. (Doc. Nos. 13, 15).

With Warren's responses now in hand, the Magistrate Judge recommended dismissal, noting that Warren improperly served Roberts and incorrectly named AAG, rather than PSA, as a defendant. (Doc. No. 17). Plaintiff again failed to timely object. Three days after the objections deadline passed, however, Plaintiff filed a "Response" to the M&R, seeking to amend her complaint "to insert the proper defendant as it concerns American Airlines Group, Inc." (Doc. No. 18, at 1). The Magistrate Judge denied her request in accordance with to Local Rule 7.1(c)(2), which prohibits motions from being "included in responsive briefs" and requires that "[e]ach motion … be set forth as a separately filed pleading. (Doc. No. 21). Though the Magistrate Judge denied Warren's request "without prejudice to Plaintiff filing a separate motion [to amend the Complaint]," *id.* at 2, that instruction fell on deaf ears – more than two months passed, and Warren remained silent.

After nine months of procedural disarray, this Court adopted the M&R and dismissed the case. (Doc. No. 22). Warren then filed the instant Motion to Set Aside Judgment of Dismissal, (Doc. No. 24), requesting relief based on excusable neglect under Rule 60(b) of the Federal Rules of Civil Procedure. The issue is now ripe for review.

**II.     STANDARD OF REVIEW**

Rule 60(b) of the Federal Rules of Civil Procedure authorizes a district court to grant relief from a final judgment if a party demonstrates (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

2

released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); *see Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

Before obtaining relief for one of these six reasons, however, the moving party must first make a "threshold" showing: "(1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018); *see also Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295 (4th Cir. 2017).

### III. DISCUSSION

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of final judgments." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). Accordingly, this Court will grant relief from judgment under Rule 60(b)(6) only when the movant shows relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." *Dowell v. State Farm Fire Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted).

Warren urges the Court to grant relief from judgment based on excusable neglect, but she fails at every turn to meet Rule 60's requirements: she points to no extraordinary circumstances, she presents no meritorious claim, she cannot show an absence of prejudice, and she reveals no excusable neglect. Her request for relief under Rule 60 is therefore denied.

### A. Warren Fails to Meet Rule 60's Threshold Requirements

To obtain relief under Rule 60(b), Warren must show (1) that her motion is timely, (2) that her claims are meritorious, and (3) that neither Roberts nor AAG will suffer unfair prejudice if the Court sets aside its judgment. *See Welsh*, 879 F.3d at 533. She meets only one of these conditions: she filed her Motion to Set Aside Judgment of Dismissal in a timely manner. *See* Fed. R. Civ. P. 60(b)(c)(1) (requiring excusable neglect motions to be filed within one year after judgment was entered); (Doc. No. 22; Order Adopting M&R (entered on October 19, 2022)); (Doc. No. 24; Motion to Set Aside Judgment of Dismissal (filed October 24, 2022). Warren fails, however, to meet any other threshold requirement.[1]

To demonstrate a meritorious claim or defense, Warren need not prove conclusively that she would prevail if her claims continued, but instead "only that there is sufficient evidence to permit a court to find in [her] favor." *H&W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 253 (D. Md. 2000). Warren argues that she brings sufficient evidence on each of her four claims, but the Court need not even analyze the likelihood of success in Warren's claims against AAG; AAG is the incorrect defendant, as Warren admits. (Doc. No. 18); (Doc. No. 15 at 5 ("Plaintiff accidentally included American Airlines Group Inc. in this case, whereas the real Defendant should be PSA.")).

Moreover, as Warren failed to properly serve Roberts with a complaint and summons in this action as required under the Federal and North Carolina Rules of Civil Procedure, she also fails to bring sufficient evidence against Roberts on any of her claims. (Doc. No. 17 at 5-7). Still, even if the Court looked past her failure to serve Roberts, Warren falls well short of presenting

---

[1] Warren also fails – again – to file her motion in accordance with Local Rule 7.1(c)(2), despite instruction from both the Magistrate Judge and this Court to do so. (Doc. Nos. 21, 22).

"sufficient evidence" on any of her claims.

Warren presents no meritorious Title VII claims because she failed to exhaust her administrative remedies. To file a lawsuit in this Court under Title VII of the Civil Rights Act of 1964, an individual must first file a charge with the Equal Employment Opportunity Commission (EEOC) within 180 days of the allegedly discriminatory activity. 42 U.S.C. § 2000e-5. Warren fails to allege that she filed such a charge with the EEOC, and she therefore lacks sufficient evidence for the Court to find in her favor on her "Discrimination" or "Sexual Harassment" claims.

Likewise, Warren presents no meritorious "Assault on Female" claim because she cannot seek relief in civil court based on a criminal statute that does not permit or imply a private cause of action. *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979). North Carolina's "Assault on a Female" statute, N.C. Gen. Stat. § 14-33(c)(2), provides that an individual may be guilty of a misdemeanor if he "[a]ssaults a female, he being a male person at least 18 years of age," but that statute provides no private cause of action. Warren neither asserts that N.C. Gen. Stat. § 14-33(c)(2) implies a private cause of action nor offers any support for such an implication. Warren therefore lacks sufficient evidence for the Court to find in her favor on her "Assault on Female" claim.

Finally, Warren presents no meritorious intentional infliction of emotional distress claim.[2] To plead a claim for intentional infliction of emotional distress ("IIED") under North Carolina law, Warren must show "(1) extreme and outrageous conduct by the defendant (2) which is intended to

---

[2] The remainder of Plaintiff's negligence claims allege negligence only by AAG. (Doc. No. 1-1 at ¶¶ 41-42, Negligent Infliction of Emotional Distress ("The airline had a duty to protect Ms. Warren … As a result of the airline[']s negligence[,] Ms. Warren was subject to emotional and physical harm."); *Id.* at ¶¶ 47-48, Gross Negligence ("The airline had a duty to protect Ms. Warren … As a result of the airline[']s negligence[,] Ms. Warren was subject to emotional and physical harm.").

5

and does in fact cause (3) severe emotional distress." *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). Warren fails to allege any conduct that could rise to the "extreme and outrageous" standard. In North Carolina, "claims of IIED based upon allegations of sexual harassment generally have included one or more of the following: an unfair power relationship between defendant and plaintiff; explicitly obscene or 'X rated' language; sexual advances toward plaintiff; statements expressing desire to engage in sexual relations with plaintiff, or; defendant either touching plaintiff's private areas or touching any part of plaintiff's body with his private parts." *Guthrie v. Conroy*, 152 N.C. App. 15, 23, 567 S.E.2d 403, 409 (2002). Warren alleges Defendant Roberts gave her an "unwanted and unnecessary kiss on her left cheek as she bent down to give him some papers." (Doc. No. 1-1 at 7). That allegation, while troubling if true, falls short of the type of "extreme and outrageous" conduct that constitutes intentional infliction of emotional distress in North Carolina.[3] *See Wilson v. Bellamy*, 105 N.C. App. 446, 468, 414 S.E.2d 347, 359 (1992) ("[W]e are unwilling to hold on this record that a sexual battery, standing alone, constitutes the required extreme and outrageous conduct.").

On the last of Rule 60's threshold requirements, an absence of unfair prejudice, Warren

---

[3] *Compare Guthrie v. Conroy*, 152 N.C. App. 15, 24, 567 S.E.2d 403, 410 (2002) (holding plaintiff alleged no "extreme and outrageous conduct" where defendant "held plaintiff from behind, and touched or rubbed her neck and shoulders," and made suggestive comments), *and Wilson*, 105 N.C. App. at 468, 414 S.E.2d at 359 (holding plaintiff alleged no "extreme and outrageous conduct" where "defendants engaged in kissing and heavy petting with the [intoxicated] plaintiff in the presence of others"), *with McLain v. Taco Bell Corp.*, 137 N.C. App. 179, 181, 527 S.E.2d 712, 715 (2000) (allowing IIED claim where defendant "physically assaulted plaintiff, ... [demanding] sexual relations ... [and] began masturbating, ultimately ejaculating upon plaintiff's clothing"), *and Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 490, 340 S.E.2d 116, 121 (1986) (allowing IIED claim where defendant "made sexually suggestive remarks," requested sex, told plaintiff he wanted to "take" her, "brush[ed] up against her, rub[bed] his penis against her buttocks[,] and touch[ed] her buttocks with his hands," and then, when plaintiff refused his advances, "screamed profane names at her, threatened her with bodily injury, and on one occasion, advanced toward her with a knife and slammed it down on a table in front of her.").

once again offers no persuasive argument. Warren contends that "[r]elief from the judgement of the dismissal will not prejudice the Defendant because it will merely allow the Plaintiff to correct these procedural deficiencies before proceeding on to the merits of the case for the first time." (Doc. No. 24 at 5). Warren omits a discussion of the last year of litigation, however, during which she failed again and again to manage this case according to guidelines and timelines provided by this Court and the Federal Rules of Civil Procedure. Moreover, she also overlooks AAG – an entity which she admits should not be included in this lawsuit, and which would be swept into litigation again if this Court grants the relief she seeks. As to Roberts, to whom Warren does at least refer, Warren fails to show that disturbing the finality of this Court's judgment releasing Roberts would not prejudice him – at the very least, Roberts would be required to re-litigate this meritless case.

Thus, even if Warren had properly served the one correct defendant in this case, she fails to present "sufficient evidence" on any of her claims that would allow this Court to find in her favor, and she fails to show how granting the relief she seeks would not prejudice Roberts and AAG. She therefore fails to meet Rule 60(b)'s threshold requirement.

### B. Warren Fails to Demonstrate Excusable Neglect

Finally, even if Warren met Rule 60(b)'s threshold, she fails to demonstrate excusable neglect. "'Excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence," and "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' … the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). "A party that fails to act with diligence," however, "will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)." *Robinson v.*

7

*Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010); *see also Evans v. United Life & Acc. Ins. Co.,* 871 F.2d 466, 472 (4th Cir. 1989) ("[A] lawyer's ignorance or carelessness do not present cognizable grounds for relief under 60(b).").

Warren contends that her counsel's pregnancy and post-partum complications constitute excusable neglect. (Doc. No. 24). While pregnancy and post-partum complications are undeniably difficult, Warren's counsel exhibited little diligence in this case. Though she was aware of her pregnancy and post-partum complications, Warren's counsel failed to take advantage of any available procedural avenue before the deadlines she missed, *see Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (denying relief under Rule 60(b) because "counsel was aware that he was experiencing e-mail difficulties during the summer months and that the dispositive motions' deadline was fast approaching."). Furthermore, chronological inconsistences muddle Warren's justification. Warren indicates her counsel went into labor "immediately" before filing her Response in Opposition to the Defendant's Motion to Dismiss, which she filed on April 9, 2022. (Doc. No. 24 at 3). Warren also claims, however, that her failure to file an objection to the M&R, which the Magistrate Judge entered on June 13, 2022, and to properly file an Amended Complaint, which Warren filed on July 1, 2022, are both attributable to her counsel "entering the last month of her first pregnancy." (Doc. No. 24 at 2).

After Warren's filing on July 1, 2022, she remained silent for four more months, despite the Magistrate Judge's suggestion that she file a proper Motion to Amend the Complaint. (Doc No. 21). At long last, on October 19, 2022, this Court adopted the M&R and dismissed this action. (Doc. No. 22). Between April and October, this Court afforded Warren's counsel ample opportunity to file timely motions, to re-file correct motions, or assign this case to another attorney, and she did not. *Cf. Robinson*, 599 F.3d at 413 ("[T]he cause for the entry of judgment

was … counsel's carelessness, not his alleged e-mail difficulties, and as noted above, attorney inattentiveness toward the pending litigation is not excusable under Rule 60(b)."). As "the determination is at bottom an equitable one," *Pioneer Inv. Servs. Co*, 507 U.S. at 394, the Court finds that its four previous indulgences of Warren's oversights, (her failure to respond to Defendants' Motions to Dismiss, her failure to timely file objections to the M&R, her failure to file her objections in accordance with the Local Rules, and her failure to file an Amended Complaint in accordance with the Local Rules), are tolerance enough. All neglect is not excusable.

Therefore, because Warren fails to meet Rule 60(b)'s threshold requirements and fails to demonstrate excusable neglect, this Court cannot grant Warren the relief she seeks under Rule 60.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Set Aside Judgment of Dismissal, (Doc. No. 24), is **DENIED**.

Signed: September 15, 2023

Robert J. Conrad, Jr.
United States District Judge